ROLLERCADE SKATING RINK, IN RE.

Ohio Civil Rights Commission.

Decided August 15, 1962.

By STANGER, HEARING EXAMINER.

Pursuant to my appointment by the Ohio Civil Rights Commission, under Section 4112.05, Revised Code, as hearing examiner, I heard the evidence and arguments of the parties in this matter at a hearing duly held in Court No. 4, Lucas County Courthouse, Toledo, Ohio, on Wednesday, July 25, 1962, beginning at 10:30 A. M., and report to the Commission as follows:

Findings of Fact

1. The Rollercade Skating Rink, 925 Berdan Avenue, Toledo, Ohio, is owned by Mrs. Elsie Logan, of Miami, Florida, and managed by her son, William T. Logan, respondent herein.

2. The Rollercade Skating Rink solicits the patronage of the public, by such means as advertisements in newspapers.

3. The Rollercade Skating Rink was open for business on Monday evening, January 8, Friday evening, January 19, Sunday evening, January 28, and Thursday evening, March 22, 1962.

4. Georgia W. Sager, Mary L. Pettigrew, Stanley M. Goldstein and Randall J. Moore are white persons.

5. Thomas H. Robinson, Louis Wyatt, Henry Wyatt and Keith Eubanks are Negroes.

6. On Monday evening, January 8, 1962, at about 9:00 P. M. Georgia W. Sager, Mary L. Pettigrew, Stanley M. Goldstein, Randall J. Moore, Thomas H. Robinson, Louis Wyatt and Henry Wyatt asked to be admitted to Rollercade Skating Rink, offering to pay the admission price, but were denied admission allegedly because they were not members of the "Flying Falcons."

7. At about 9:20 P. M., on Monday evening, January 8, 1962, Louis Wyatt returned to Rollercade Skating Rink with Keith Eubanks and both were admitted without being members of any club, being told that such membership was not required.

8. At about 9:30 P. M., on Monday evening, January 8, 1962, Thomas H. Robinson and Henry Wyatt returned to Rollercade Skating Rink and both were admitted without being members of any club, nothing being said about membership in a club.

9. When on Monday evening, January 8, 1962, Louis Wyatt, Keith Eubanks, Thomas H. Robinson and Henry Wyatt were admitted to and skated at Rollercade Skating Rink, only Negroes were skating at the rink.

10. The "Flying Falcons" is an informal "club" the members of which are Albert Turner and the five other guards employed at the Rollercade Skating Rink on Monday and Thursday evenings.

11. Membership neither in the "Flying Falcons" nor in any other club was in fact required for admission to the Rollercade Skating Rink on Monday evening, January 8, 1962, but being a Negro was required for admission to the rink at that time, it being respondent's established policy to admit only Negroes to the rink on Monday and Thursday evenings.

12. Georgia W. Sager, Mary L. Pettigrew, Stanley M. Goldstein and Randall J. Moore were denied admission to the Rollercade Skating Rink on Monday evening, January 8, 1962, at about 9:00 P. M., because they are white and for no other reason.

13. On Friday evening, January 19, 1962, William Burns,

a Negro, took his daughter, Karen Burns, to Rollercade Skating Rink but they were denied admission allegedly because they were not members of the "Rollercade Club."

14. On said occasion William Burns was given two application cards for membership in the "Rollercade Club."

15. Thereafter William Burns filled in and mailed to the Rollercade Skating Rink such application cards, together with a check for $2, but no membership card was ever received by him.

16. Jene D. Rayford, Sharon E. Mosley, and Thomas H. Robinson are Negroes.

17. At about 7:30 P. M., on Sunday, January 28, 1962, Jene D. Rayford, Sharon E. Mosley, and Thomas H. Robinson asked to be admitted to Rollercade Skating Rink, offering to pay the admission price, but were denied admission allegedly because they were not members of the "Rollercade Club."

18. At about 7:50 P. M., on Sunday evening, January 28, 1962, Evelyn Borgelt, a white person, inquired at Rollercade Skating Ring whether it was necessary to have membership to skate there, was told that it was, and was given an application card for membership in the "Rollercade Club" with a small "w" written in ink in the upper right hand corner.

19. On Thursday evening, March 22, 1962, Sharon E. Mosley, Rita Oliver, Walter Bailey and Paul Stanford, Negroes, went to Rollercade Skating Rink and were admitted without anything being said about membership in any club; only Negroes were skating at the rink at the time.

20. The "Rollercade Club" is not a bona fide club but only a name, and giving application cards for "membership" in the "Rollercade Club" to William Burns, Jr., on January 12, 1962, and to Jene D. Rayford, Sharon E. Mosley, and Thomas H. Robinson on January 28, 1962, was no more than a device to deny them admission.

21. Membership neither in the "Rollercade Club" nor in any other club was in fact required for admission to the Rollercade Skating Rink on Friday, January 19, 1962, or on Sunday, January 28, 1962, but being white was requqired for admission to the rink at that time, it being respondent's established policy to admit only white persons to the rink on other than Monday and Thursday evenings.

22. William Burns, Jr., and his daughter, Karen Burns, were denied admission to the Rollercade Skating Rink on Friday, January 19, 1962, and Jene D. Rayford, Thomas H. Robinsin, and Sharon E. Mosley were denied admission to that rink on January 28, 1962, because they are Negroes, and for no other reason.

23. The respondent, William T. Logan, was duly charged with unlawful discriminatory practices in violation of Section 4112.02(G), Revised Code, in that the respondent, manager of the Rollercade Skating Rink, on or about Monday, January 8, 1962, refused to admit four (4) prospective white patrons: Mary L. Pettigrew, Georgia W. Sager, Stanley M. Goldstein, and Randall J. Moore, as patrons because white persons are not admitted on either Monday or Thursday evenings; on or about Friday, January 19, 1962, refused to admit two prospective Negro patrons: William Burns and his daughter, Karen Burns, as patrons because Negro patrons are not admitted except on Monday and Thursday evenings; and on or about Sunday, January 28, refused to admit three (3) prospective Negro patrons: Sharon E. Mosley, Thomas H. Robinson, and Jene D. Rayford because Negro patrons are not admitted except on Monday and Thursday evenings.

24. The requirement of Section 4112.05 (A) and (B), Revised Code, as to conciliation was fulfilled by the Ohio Civil Rights Commission, and a complaint and notice of hearing was duly served upon the respondent herein.

Conclusions of Law

1. Rollercade Skating Rink is a "Place of public accommodation" as that term is defined in Section 4112.01 (I), Revised Code, and used in Section 4112.02 (G), Revised Code.

2. William T. Logan is the manager of a place of public accommodation, Rollercade Skating Rink, under Section 4112.-02 (G), Revised Code.

3. William T. Logan denied to a person, that is, to Mary L. Pettigrew, Georgia W. Sager, Stanley M. Goldstein, Randall J. Moore, William Burns, Karen Burns, Sharon E. Mosley, Thomas H. Robinson, and Jene D. Rayford, the full enjoyment of the accommodations, advantages, facilities and privileges of a place of public accommodation, Rollercade Skating Rink.

4. Said denial by said William T. Logan to said Mary L.

Pettigrew, Georgia W. Sager, Stanley M. Goldstein, Randall J. Moore, William Burns, Karen Burns, Sharon E. Mosley, Thomas H. Robinson, and Jene D. Rayford of the full enjoyment of the accommodations, advantages, facilities and privileges of a place of public accommodation, Rollercade Skating Rink, was not for reasons applicable alike to all persons regardless of race, color, religion, national origin or ancestry.

5. Said denial by said William T. Logan to said Mary L. Pettigrew, Georgia W. Sager, Stanley M. Goldstein, Randall J. Moore, William Burns, Karen Burns, Sharon E. Mosley, Thomas H. Robinson, and Jene D. Rayford of the full enjoyment of the accommodations, advantages, facilities and privileges of a place of public accommodation, Rollercade Skating Rink, was an unlawful discriminatory practice under Section 4112.02, Revised Code.

I accordingly recommend that the Ohio Civil Rights Commission issue an order requiring the respondent, said William T. Logan, to cease and desist from such unlawful discriminatory practice.

Respectfully submitted,
Roland J. Stanger
Hearing Examiner

August 15, 1962

ROLLERCADE SKATING RINK, RESPONDENT, IN RE.

No. 4.   Decided August 31, 1962.

COMMISSION ORDER

By DILLEHAY, CHAIRMAN.

This matter comes on, upon complaints of Mary L. Pettigrew, Georgia W. Sager, Stanley M. Goldstein, Randall J. Moore, William Burns, Sharon E. Mosely, Thomas H. Robinson, Jene Rayford, the transcript of the hearing on said complaints, the findings of fact, conclusions of law, and the recommendations of the hearing examiner.

After having heard no objections from respondent, the commission finds:

1. That the findings of fact of the hearing examiner are fully supported by the testimony and evidence in the record.

2. That the hearing examiner's conclusions of law are justified in view of his findings of fact and the operation of Chapter 4112., Revised Code.

3. Therefore, the commission fully and completely adopts the findings of fact, conclusions of law and recommendations of the hearing examiner, Roland J. Stanger, filed in this cause with the commission on the 15th day of August, 1962.

It is therefore *ORDERED* by the Ohio Civil Rights Commission that Respondent by its owner, Mrs. Elsie Logan, and by its manager, William T. Logan, Jr., are hereby ordered to cease and desist from any and all unlawful discriminatory practices in the denial of the full enjoyment of the accommodations, advantages, facilities and privileges of the Rollercade Skating Rink, a. k. a., the Rollercade, and the Rollercade Skating Club, to all complainants herein, or hereafter to any other person or persons as required by Chapter 4112., Revised Code.

Respondent is hereby ordered to cease and desist from limiting his patronage to persons of a particular race on particular nights of the week, and is hereafter required to make available to all persons the full enjoyment of the accommodations, advantages, facilities, and privileges of his place of public accommodations, regardless of race, color, religion, national origin or ancestry, at all times during which said public accommodation is open for public patronage.

Respondent is hereby ordered to cease and desist from an unlawful discriminatory practice in the requirement of membership in any club or organization for admission to said place of public accommodation, except when a *bona fide* organization which is unconnected or not in any way associated with respondent, obtains the use of said public accommodation, as a user, on a nightly rental basis for the exclusive use of the membership of such *bona fide* private club.

Pursuant to Section 4112.05 (G), Revised Code, Respondent by its manager, William T. Logan, Jr., or other authorized person is hereby *ORDERED* to file a sworn statement with the Ohio Civil Rights Commission at its Northwest Regional Office in Toledo, Ohio no later than the 2nd day of October, 1962,

affirming that said respondent has fully and completely complied herewith.

By the Ohio Civil Rights Commission
/s/ Albert J. Dillehay

Albert J. Dillehay, CHAIRMAN

August 31, 1962

CERTIFICATION

I, Frank W. Baldau, Executive Director of the Ohio Civil Rights Commission, do hereby certify that the above is a true copy of an original order issued against The Rollercade Skating Rink and filed with the commission at its state office in Columbus.

F. W. Baldau

F. W. Baldau

August 31, 1962